**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-13742

Non-Argument Calendar

————————————————

CYNTHIA ALLEN,
    individually and on behalf of others
    similarly situated, et al.,

*Plaintiffs,*

AMANDA CURLEE,

*Intervenor Plaintiff-Appellant,*

*versus*


AT&T MOBILITY SERVICES, LLC,
    a.k.a. AT&T Mobility LLC,

*Defendant-Appellee,*

AT&T SERVICES, INC.,

*Defendant.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cv-03730-WMR

_____

Before JORDAN, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

This is an appeal from a district court's dismissal of a putative class member's complaint-in-intervention that raises a question about finality under 28 U.S.C. § 1291. The original plaintiff, Cynthia Allen, alleged in her first complaint that her employer, AT&T Mobility Services, LLC, and its policy writer, AT&T Services, Inc., instituted policies that discriminated against pregnant employees. AT&T Services moved to dismiss for lack of personal jurisdiction, and Allen filed an amended complaint against only AT&T Mobility.

Allen and her co-plaintiff later settled with AT&T Mobility, and those three parties signed a joint stipulation purporting to voluntarily dismiss the remaining claims. Amanda Curlee, a putative class member, then moved for leave to intervene, and the district court granted her motion. After further proceedings, including an appeal to this court, *Allen v. AT&T Mobility Servs., LLC*, 104 F.4th 212, 215 (11th Cir. 2024), AT&T Mobility moved to dismiss her complaint-in-intervention for lack of subject matter jurisdiction, and the district court granted the motion. Curlee appealed.

We conclude that Curlee has not appealed from a "final decision[]" as required by 28 U.S.C. § 1291. A district court's decision

is "final" when all claims of all parties have been resolved. But Allen's attempt to dismiss AT&T Mobility was ineffective because AT&T Services appeared as a party but did not sign Allen's notice of stipulated dismissal. *See City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031 (11th Cir. 2023); FED. R. CIV. P. 41(a)(1)(A)(ii). Because Allen's claims against AT&T Mobility remain unresolved, there is no final decision, we are without jurisdiction, and we dismiss the appeal.

## I.

Plaintiff Cynthia Allen filed a putative class action against her employer, AT&T Mobility Services, LLC, and its policy writer, AT&T Services, Inc., alleging pregnancy discrimination under Title VII. AT&T Services waived service and moved to dismiss for lack of personal jurisdiction. Before the district court could rule on the motion, Allen filed an amended complaint against only AT&T Mobility.

Allen later moved for class certification, and the district court denied the motion. Allen asked us to immediately review that denial, but we declined. *See* FED. R. CIV. P. 23(f). Allen then settled with AT&T Mobility and filed a joint stipulation of voluntary dismissal. The stipulation of dismissal was signed by Allen, her co-plaintiff, and AT&T Mobility but not AT&T Services.

Amanda Curlee, who alleges that she would have been a member of Allen's class, sought to intervene to appeal the district court's denial of class certification. The district court granted her motion to intervene, and Curlee filed a notice of appeal challenging

the class certification decision. Curlee had never litigated her claims in the district court, so we dismissed her appeal for lack of jurisdiction. *See Allen v. AT&T Mobility Servs., LLC*, 104 F.4th 212 (11th Cir. 2024). On remand, AT&T Mobility then moved to dismiss Curlee's complaint-in-intervention. The district court granted its motion. Curlee filed a notice of appeal challenging the dismissal.

We *sua sponte* raised the following jurisdictional question: did Allen's joint stipulation of voluntary dismissal effectively dismiss her claims against AT&T Mobility even though it was not signed by AT&T Services?

## II.

"[W]e must evaluate our appellate jurisdiction sua sponte even if the parties have not challenged it." *S.E.C. v. Carrillo*, 325 F.3d 1268, 1271 (11th Cir. 2003) (citations omitted). We review our jurisdiction *de novo*. *Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1288 (11th Cir. 2022) (citing *United States v. Amodeo*, 916 F.3d 967, 970 (11th Cir. 2019)).

## III.

We dismissed the last appeal in this case because of problems with the finality of Curlee's claims. Specifically, the district court had made no ruling on Curlee's complaint-in-intervention at the time of the parties' first appeal. *See Allen,* 104 F.4th at 215. But, in our opinion, we noted that there was a jurisdictional problem with the finality of Allen's claims as well: "was [Allen's] stipulation of dismissal valid and effective, even though it was not signed by

an earlier-dismissed defendant, AT&T Services, Inc?" *Id.* at 215. Although the parties used the remand from the first appeal as an opportunity to secure a ruling on Curlee's claims, they did nothing to resolve the jurisdictional problem with respect to Allen's claims. So we must now answer the question that we raised in the last appeal.

Allen sued two defendants in this case: AT&T Mobility and AT&T Services. Allen resolved her claims against AT&T Services when she filed an amended complaint that dropped it from the case. She resolved her claims against AT&T Mobility, if at all, when she voluntarily dismissed it under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). That rule allows a plaintiff to dismiss an action by filing a stipulation of dismissal "signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A)(ii).

The problem is that AT&T Services never signed Allen's joint stipulation. We have held that a procedurally irregular Rule 41(a)(1)(A)(ii) dismissal is ineffective and cannot create finality for purposes of appeal. *See City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1036 (11th Cir. 2023). So Allen's claims against AT&T Mobility remain pending if AT&T Services was a "part[y] who . . . appeared" within the meaning of Rule 41(a)(1)(A)(ii).

Curlee and AT&T Mobility argue that AT&T Services was not a party that appeared for three reasons. First, Curlee contends that AT&T Services was not a "party" under Rule 41(a)(1)(A)(ii) because, although it was sued, served, and appeared, it participated only to contest personal jurisdiction. Second, Curlee and AT&T

Mobility assert that AT&T Services did not "appear" within the meaning of Rule 41(a)(1)(A)(ii) for the same reason. Third, Curlee argues that Rule 41(a)(1)(A)(ii) does not require a signature from defendants like AT&T Services who were earlier eliminated from the action by an amended complaint. Alternatively, AT&T Mobility argues that AT&T Services in fact signed the stipulation because it was represented by some of AT&T Mobility's attorneys who signed the document on behalf of AT&T Services.

None of these arguments has merit. We address each argument in turn.

First, AT&T Services was a "party" to the suit. AT&T Services was a party to the case because Allen sued it, it signed and returned a waiver of service, and lawyers appeared on its behalf to file a motion to dismiss. A party unambiguously includes "[o]ne by or against whom a lawsuit is brought." *Party*, BLACK'S LAW DICTIONARY (12th ed. 2024). Party status attaches to one "against whom a lawsuit is brought," a defendant, when that defendant is subject to an "authority-asserting measure" that tells it how soon to appear and defend. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citing FED. R. CIV. P. 4(a), 12(a)(1)(A)). Allen brought a lawsuit against AT&T Services as a named defendant. And AT&T Services was subject to the required "authority-asserting measure" because it signed and returned a waiver of service that gave it a deadline for filing an answer or Rule 12 motion.

Second, AT&T Services "appeared" because it waived service of the complaint and filed a motion to dismiss for lack of

personal jurisdiction. A defendant appears when it "tak[es] part in a lawsuit, whether by formally participating in it or by an answer, demurrer, or motion." *Appearance*, BLACK'S LAW DICTIONARY (12th ed. 2024). Although AT&T Services appeared for a particular purpose—contesting the district court's personal jurisdiction—the modern Rule 41(a)(1)(A)(ii) contains no language that limits its application to particular kinds of appearances. An older version of the rule excluded special appearances made solely to contest personal jurisdiction, but amendments eliminated that restriction after Rule 12 abolished the technical distinction between general and special appearances. *See* FED. R. CIV. P. 41(a) advisory committee's note to 1946 amendment; *Prod. Promotions, Inc. v. Cousteau*, 495 F.2d 483, 490 (5th Cir. 1974) (citing 5 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1344 (1969)), *overruled on other grounds*, *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702–03 (1982).

Third, we have expressly held that Rule 41(a)(1)(A)(ii) requires defendants like AT&T Services to sign a stipulation of dismissal even after they are dismissed. *See City of Jacksonville*, 82 F.4th at 1038. The Rule says a stipulation of dismissal requires "all parties" who have appeared to sign. "[A]ll means all" and includes parties that appeared and then were "removed from an action." *Id.* (citation omitted). It does not matter why or how AT&T Services was dropped from the case. It was a party who had appeared. For an effective stipulation of dismissal under Rule 41(a)(1)(A)(ii), all parties who have appeared must sign. As we have explained, "there is

simply no language that qualifies the clause 'all parties who appeared.'" *Id.* (quoting Rule 41(a)(1)(A)(ii)).

Finally, it is incontrovertible that AT&T Services did not sign Allen's stipulation of dismissal. The stipulation lists all parties to it and does not include AT&T Services. It was signed by AT&T Mobility's attorneys as "[a]ttorneys for [d]efendant," and the only defendant that it lists is "[d]efendant AT&T Mobility." Some of these attorneys had earlier appeared for AT&T Services, but they purported to act for only AT&T Mobility when they signed Allen's stipulation. Because no one signed the stipulation for AT&T Services, Allen's stipulation did not dismiss her claims against AT&T Mobility.

Our precedents require us to dismiss this appeal. Nothing prevents the parties from achieving finality on Allen's claim against AT&T Mobility—through a valid stipulation signed by all parties who have appeared, a court order, an amended complaint, or otherwise. As it is, however, Allen's claims against AT&T Mobility remain unresolved because the stipulated dismissal was not signed by all parties who had appeared in the action. Because there is no final judgment, we lack jurisdiction over this appeal. *See* 28 U.S.C. § 1291.

## IV.

We **DISMISS** the appeal for lack of jurisdiction.